IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **JUUL LABS, INC.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**OM EL NOUR INC.,**<br><br>      **Defendant.** | Civil Action No. |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiff JUUL Labs, Inc. ("JLI"), by and through its undersigned attorneys, files this Complaint against defendant Om El Nour Inc., a Virginia corporation ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. JLI is the designer, manufacturer, and distributor of JUUL-branded electronic nicotine delivery systems ("ENDS") and other related products (collectively, the "JUUL Products").

2. The JUUL Products have become targets for individuals and entities who wish to take a "free ride" on the commercial success of the JUUL brand that JLI has spent considerable effort and resources to build.

3. Specifically, wrongdoers have counterfeited JUUL Products by illegally manufacturing, selling, and distributing fake, copied, and non-genuine versions of JUUL Products and related packaging.

4. Through this action, JLI combats the sale and distribution of these unlawful counterfeit products.

**PARTIES**

5. JLI is a corporation organized and existing under the laws of the State of Delaware.

6. Defendant Om El Nour Inc. is a corporation organized and existing under the laws of the Commonwealth of Virginia and having its principal place of business at 11200 Hull Street Road, Midlothian, VA 23112. Defendant owns and operates the 7-Eleven retail business at that location.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a), and 1338(b) because (i) claims herein arise out of federal trademark laws as codified in 15 U.S.C. §1114 and 15 U.S.C. §1125(a) (*i.e*., trademark infringement, false designation of origin, and unfair competition); and (ii) the unfair business practices claim herein is brought with and is related to the substantial claims based on trademark laws. This Court also has supplemental jurisdiction over JLI's claims arising under common law or state law pursuant to 28 U.S.C. §1367(a) because the claims are so related to JLI's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has general personal jurisdiction over Defendant due to its residence and business activities in this judicial district. This Court has specific personal jurisdiction over Defendant due to the nature and quality of its actions toward the state in which this Court is located. The claims asserted herein arise out of and relate to such actions and this Court's exercise of specific personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

9. Venue in this judicial district is proper for these claims pursuant to 28 U.S.C. §1391(b). As described herein, Defendant resides in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Defendant has extensive contacts with this judicial district relating to JLI's claims. Defendant conducts

regular and systematic business transactions in this judicial district, including direct sales to consumers in this judicial district, which violate the intellectual property rights of JLI.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

JUUL Trademarks and Products

10. JLI is the exclusive owner of federally-registered, registration-pending, and common law trademarks. For example, JLI owns the following United States Trademark Registrations:

| Depiction of Trademark | Registration No. and Date | (1) First Use (2) In Commerce |
|---|---|---|
| JUUL® | 4,818,664 (09-22-2015) | (1) 06-01-2015 (2) 06-01-2015 |
| JUUL® | 4,898,257 (02-09-2016) | (1) 06-01-2015 (2) 06-01-2015 |
| JUULpods® | 5,918,490 (11-26-2019) | (1) 06-30-2015 (2) 06-30-2015 |

11. True and correct copies of the Registration Certificates for the above-listed trademarks are attached hereto as Exhibit A. Hereinafter, JLI may sometimes utilize the phrase "the JUUL Marks" to refer to, collectively, JLI's federally-registered, registration-pending, and common law trademarks.

12. JLI designs, manufactures, distributes, markets, and sells JUUL Products, including the JUUL system comprised of: (i) a device containing a rechargeable battery, control circuitry and a receptacle for a cartridge or pod, (ii) a disposable cartridge or pod ("JUULpod") that can be inserted into the device, has a heating chamber and is prefilled with a proprietary nicotine e-liquid formulation, and (iii) a charger for charging the device, and related accessories.

13. The JUUL Marks appear clearly on JUUL Products, as well as the packaging and marketing materials related to such products.

14. The JUUL Marks, as well as the goodwill arising from such trademarks, have never been abandoned.

15. JLI continues to preserve and maintain its rights with respect to the JUUL Marks, including those registered with the United States Patent and Trademark Office.

16. Due in large part to the substantial commercial success of the JUUL Products, the JUUL brand is well-known to consumers and has garnered extensive coverage by the media.

17. Through the extensive use of the JUUL Marks, JLI has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand. JLI markets JUUL Products nationwide to current adult smokers, including through its website, and sells its products through its nationwide authorized network. JLI also markets and sells its products internationally. JLI has built up and developed significant customer goodwill in its entire product line and the JUUL Products are immediately identified by the JUUL Marks.

**Sales of Counterfeit Goods**

18. Beginning on a date that is currently unknown to JLI, Defendant, without the consent of JLI, has offered to sell and sold, and/or facilitated the offer and sale of, goods that were neither made by JLI nor by a manufacturer authorized by JLI, all by using reproductions, counterfeits, copies and/or colorable imitations of JUUL Products and the JUUL Marks ("Counterfeit Goods").

19. JLI has not authorized any third party, including Defendant, to make or sell ENDS or other types of products in connections with the JUUL Marks. The Counterfeit Goods sold by Defendant are therefore not manufactured in accordance with JLI's own stringent quality controls but are instead manufactured outside of JLI's knowledge and control, using unknown substances and materials, in unknown locations and with unknown manufacturing requirements/controls.

20. The Counterfeit Goods sold by Defendant bear counterfeit and confusingly similar imitations of the JUUL Marks in a manner likely to be confused with genuine JUUL Products.

21. For example, on October 17, 2019, a representative of JLI made an in-person purchase of Counterfeit Goods for sale at the 7-Eleven retail business owned and operated by

Defendant located at 11200 Hull Street Road, Midlothian, VA 23112 (the "7-Eleven Business"). True and correct images of the products purchased on October 17, 2019 are attached hereto as Exhibit B. JLI subsequently inspected the products purchased on October 17, 2019 and confirmed that the purchased products are in fact counterfeit products.

**Cease-and-Desist Correspondence to Defendant**

22. On October 30, 2019, JLI's counsel mailed a cease-and-desist correspondence to Defendant. A true and correct copy of this correspondence is attached hereto as Exhibit C. This cease-and-desist correspondence provided specific notice of the following, among other items: (i) JLI's confirmation that goods sold by Defendant are in fact counterfeit goods; (ii) JLI's demand that Defendant cease the sale, manufacture, marketing, and importation of Counterfeit Goods and all other unauthorized use of JLI's intellectual property; (iii) JLI's ownership of the JUUL Marks; (iv) the statutory prohibition of the sale of Counterfeit Goods and all other unauthorized use of JLI's intellectual property, and JLI's right to seek monetary judgments against infringers; and (v) Defendant's willful infringement under federal law would be established by any further sales of Counterfeit Goods or any other unauthorized use of JLI's intellectual property.

23. The October 30, 2019 cease-and-desist correspondence requested that Defendant contact JLI's counsel to discuss pre-litigation resolution of the legal issues arising from the sale of the Counterfeit Goods and all other unauthorized use of JLI's intellectual property. Defendant, however, did not contact JLI's counsel.

Continued Sales of Counterfeit Goods

24. On December 9, 2019, a representative of JLI made an in-person purchase of a Counterfeit Good for sale at the 7-Eleven Business. A true and correct image of the product purchased on December 9, 2019 is attached hereto as Exhibit D. JLI subsequently inspected the product purchased on December 9, 2019 and confirmed that the purchased product is in fact a counterfeit product.

25. Defendant is not authorized and never has been authorized by JLI to produce, manufacture, distribute, market, offer for sale, and/or sell merchandise bearing the JUUL Marks, or any variations thereof. JLI has no control over the nature, quality, or pricing of Defendant's products or marketing, or any other aspect of the business conduct of Defendant.

26. Defendant uses words, symbols, images, designs, and names confusingly similar or identical to the JUUL Marks to confuse consumers and aid in the promotion and sales of the Counterfeit Goods.

27. Defendant's counterfeit sales outlined above are likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the products are authorized by JLI. Purchasers and prospective purchasers using or simply viewing Defendant's Counterfeit Goods and who perceive a defect, lack of quality, or any other irregularity are likely to mistakenly attribute the issue to JLI, to the detriment of JLI's business and the JUUL brand.

28. The likelihood of confusion, mistake, and deception brought about by Defendant's misappropriation of the JUUL Marks is causing irreparable harm to the goodwill symbolized by the JUUL Marks and the reputation for quality that said marks embody.

29. Defendant's unauthorized use of the JUUL Marks began after JLI legally established the existence and significant value of such trademarks, including after JLI's adoption and use of the JUUL Marks and after JLI obtained two of the trademark registrations described above.

30. Defendant's infusion of the Counterfeit Goods into the marketplace reflects adversely on JLI, results in economic loss to JLI including loss of sales of genuine JUUL Products, damages the goodwill of the JUUL brand, and thwarts JLI's honest efforts and considerable expenditures to promote its genuine JUUL Products using the JUUL Marks.

## COUNT I
## Trademark Infringement – Counterfeit Goods (15 U.S.C. §1114)

31. JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 30 as though set forth fully herein.

32. The JUUL Marks, as well as the goodwill arising from such trademarks, have never been abandoned. The JUUL Marks appear clearly on JUUL Products, as well as the packaging and marketing related to such products. JLI continues to preserve and maintain its rights with respect to the JUUL Marks.

33. Defendant's actions to sell and distribute the Counterfeit Goods which use spurious designations that are identical to, or substantially indistinguishable from, the JUUL Marks as described herein are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Goods are genuine or authorized JUUL Products.

34. The foregoing acts of Defendant constitute direct, contributory, and/or vicarious trademark infringement in violation of 15 U.S.C. §1114.

35. JLI has been damaged as a result of Defendant's infringement of the JUUL Marks. JLI alleges, on information and belief, that Defendant's sale and distribution of the Counterfeit Goods have resulted in lost sales to JLI, have reduced the business and profits of JLI, and have injured the general reputation of JLI, all to JLI's damage in an amount not yet ascertainable, but will be determined during this action or considered in relation to a request for statutory damages.

36. JLI alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action or considered in relation to a request for statutory damages.

37. On information and belief, Defendant acted intentionally and/or willfully in infringing upon the JUUL Marks through sale and distribution of the Counterfeit Goods, knowing that the JUUL Marks belonged to JLI, that the Counterfeit Goods were in fact

infringing, and that Defendant was not authorized to infringe upon the JUUL Marks through sale and distribution of the Counterfeit Goods.

38. Defendant's spurious designation of its products also constitutes the use by Defendant of at least one "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B). Therefore, JLI is entitled to recovery of treble damages and to an award of reasonable attorneys' fees pursuant to 15 U.S.C. §§1117(a) and 1117(b).

39. Because Defendant's actions also constitute the use by Defendant of at least one "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B), JLI reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. §1117(c)(1) or (2). JLI alleges, on information and belief, that Defendant has knowingly and willfully engaged in the acts complained of with oppression, fraud, malice, and in conscious disregard of the rights of JLI. JLI is, therefore, entitled to the maximum statutory damages allowable.

40. The acts of direct, contributory, and/or vicarious trademark infringement committed by Defendant have caused, and will continue to cause, JLI irreparable harm unless they are enjoined by this Court. On information and belief, Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant and/or the Counterfeit Goods.

## COUNT II
### False Designation of Origin – Counterfeit Goods (15 U.S.C. §1125(a))

41. JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 40 as though set forth fully herein.

42. Defendant's unauthorized use of the JUUL Marks, brand names, and the other distinctive words, symbols, slogans, color schemes, images, and designs through which Defendant presents its Counterfeit Goods to the market constitutes a wrongful and false

representation to the consuming public that the Counterfeit Goods sold by Defendant originated from JLI or somehow are authorized by or affiliated with JLI.

43. Defendant's actions as described herein constitute violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with JLI and/or as to the origin, sponsorship, and/or approval of the Counterfeit Goods by JLI. These acts amount to false designations of origin.

44. JLI has been damaged as a result of Defendant's actions described herein. JLI alleges, on information and belief, that Defendant's sale of the Counterfeit Goods has resulted in lost sales to JLI, has reduced the business and profits of JLI, and has greatly injured the general reputation and goodwill of JLI, all to JLI's damage in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

45. JLI alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

46. On information and belief, Defendant acted intentionally and/or willfully in using the JUUL Marks on the Counterfeit Goods, knowing that the JUUL Marks belonged to JLI, that the Counterfeit Goods were in fact counterfeit, and that Defendant was not authorized to use the JUUL Marks on the Counterfeit Goods.

47. Defendant's acts of violating 15 U.S.C. §1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, JLI irreparable harm unless they are enjoined by this Court. On information and belief, Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant and/or the Counterfeit Goods.

## COUNT III
### Unfair Competition – Counterfeit Goods (15 U.S.C. §1125(a))

48. JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 47 as though set forth fully herein.

49. An express purpose of the Lanham Act is to protect commercial parties against unfair competition.

50. Defendant's unauthorized use of the JUUL Marks, brand names, and the other distinctive words, symbols, color schemes, and designs through which JLI presents its products to the market constitutes wrongful and unfair business practices and marketplace bad faith, resulting in inaccurate representations to the consuming public that the Counterfeit Goods sold by Defendant originated from or somehow are authorized by or affiliated with JLI. Defendant so acted for its own financial benefit in disregard to the harm being caused to JLI.

51. Defendant's actions as described herein constitute violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with JLI and/or as to the origin, sponsorship, and/or approval of the Counterfeit Goods by JLI. These acts amount to false representations to compete unfairly with JLI.

52. JLI has been damaged as a result of Defendant's actions described herein. JLI alleges, on information and belief, that Defendant's sale of the Counterfeit Goods has resulted in lost sales to JLI, has reduced the business and profits of JLI, and has greatly injured the general reputation and goodwill of JLI, all to JLI's damage in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

53. JLI alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

54. On information and belief, Defendant acted intentionally and/or willfully in using the JUUL Marks on the Counterfeit Goods, knowing that the JUUL Marks belonged to JLI, that the Counterfeit Goods were in fact counterfeit, and that Defendant was not authorized to use the JUUL Marks on the Counterfeit Goods.

55. Defendant's acts of violating 15 U.S.C. §1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, JLI irreparable harm unless they are enjoined by this Court. On information and belief, Defendant's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendant and/or the Counterfeit Goods.

## COUNT IV
### Common Law Unfair Competition

56. JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 55 as though set forth fully herein.

57. Defendant's acts described herein constitute unfair competition in violation of the common law of the Commonwealth of Virginia. Defendant's acts described herein are likely to cause confusion, mistake, and deceit as to affiliation, connection, or association of Defendant with JLI and as the origin, sponsorship, or approval of Defendant's unauthorized products by JLI.

58. JLI has been damaged by Defendant's acts of common law unfair competition.

59. Defendant's actions described herein have caused, and will continue to cause, JLI to suffer irreparable harm unless enjoined by this Court. JLI has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT V
### Common Law Trademark Infringement

60. JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 59 as though set forth fully herein.

61. Defendant's acts described herein constitute trademark infringement in violation of the common law of the Commonwealth of Virginia.

62. Defendant has acted as described in this Complaint with full knowledge of its common law trademark infringement.

63. Defendant has acted as described in this Complaint with the intent to engage in common law trademark infringement.

64. JLI has been damaged and suffered economic harm, and is likely to continue to be damaged and suffer economic harm as a result of Defendant's acts unless Defendant's infringing acts are enjoined by this Court.

## COUNT VI
### Misrepresentation

65. JLI re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 64 as though set forth fully herein.

66. Defendant's acts as described in this Complaint constitute misrepresentation (a) of goods and services as those of another; (b) of the source, sponsorship, approval or certification of goods and services; (c) of the affiliation, connection or association of goods and services; and (d) that goods or services are of a particular standard, quality and grade; all within the meaning of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-200.

67. Defendant has acted as described in this Complaint knowingly and with the intent to cause the harms described in the previous paragraph.

68. JLI and customers of JLI and Defendant, have been damaged and have suffered economic harm as a result of Defendant's acts, and are likely to continue to be damaged and to suffer economic harm unless Defendant's activities are enjoined by this Court.

**REQUEST FOR RELIEF**

WHEREFORE, JLI hereby respectfully requests the following relief against Defendant Om El Nour Inc., a Virginia corporation, as follows:

1. An award of Defendant's profits and JLI's damages for trademark infringement under 15 U.S.C §§ 1114 and 1117, trebled, in an amount to be proven at trial;

2. An award of Defendant's profits and JLI's damages for false designation of origin under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;

3. An award of Defendant's profits and JLI's damages for unfair competition under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;

4. In the alternative to Defendant's profits and JLI's damages for trademark infringement, an award of statutory damages pursuant to 15 U.S.C. §1117(c) of $2,000,000.00 for each of the counterfeited trademarks willfully utilized by Defendant;

5. An injunction by this Court prohibiting Defendant, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, during the pendency of this action and permanently thereafter, from: engaging or continuing to engage in the infringing, unlawful, unfair, or fraudulent business acts or practices described herein, including the marketing, sale, distribution, and/or other dealing in any non-genuine JUUL Products, including fake counterfeit products or unauthorized grey-market products; using without permission any mark or other intellectual property right of JLI; acting to infringe the JUUL Marks; falsely designating the origin of any product to be from JLI; engaging in unfair competition with JLI; or acting in any other manner to derogate JLI's intellectual property rights;

6. An Order requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay JLI its ill-

gotten gains obtained from the illegal transactions entered into and/or pay restitution;

7. An Order that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to JLI;

8. Pursuant to 15 U.S.C. §1116, including upon ex parte application, an Order for the seizure of goods and counterfeit marks and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in trademark violations;

9. Pursuant to 15 U.S.C. §1118, an Order requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up to JLI for destruction all products, accessories, labels, signs, prints, packages, wrappers, marketing materials, and other material in their possession, custody, or control bearing any of the JUUL Marks;

10. An Order directing Defendant to account for and pay over to JLI all profits derived by Defendant, and all damages suffered by JLI, by reason of Defendant's acts of trademark infringement, unfair competition, and misrepresentation in accordance with the laws of Virginia;

11. Treble damages;

12. JLI's reasonable attorneys' fees;

13. All costs of suit;

14. Prejudgment interest; and

15. Such other and further relief as the Court may deem just and equitable.

December 29, 2020

Respectfully submitted,
DICKINSON WRIGHT, PLLC

/s/ Nicole M. Meyer_____
Nicole M. Meyer, Esq. (Va. Bar No. 43029)
H. Jonathan Redway, Esq. (Va. Bar No. 42189)

DICKINSON WRIGHT PLLC
1825 Eye Street, N.W., Suite 900
Washington, D.C. 20006
Tel: (202) 457-0160
E-mail: nmeyer@dickinsonwright.com
E-mail: jredway@dickinsonwright.com

-and-

Randall J. Clement, Esq.
*Pro Hac Vice Admission to be sought*
California State Bar No. 193443
randy@clementandholaw.com
CLEMENT AND HO, APLC
201 W. Whiting Avenue
Fullerton, California 92832
Telephone: (714) 882-5794
Facsimile: (714) 882-5795

*Counsel for Plaintiff JUUL Labs, Inc.*